The Supreme Court reversed the judgment of the District 'Court on March 10, 1864, in the following opinion per:
Read J.
By a written agreement under seal, Daniel Maulé leased to William Taylor a lot of ground on the west side of Ninth Street, ■south of Wallace Street, for the term of four years from the 1st day of March, 1858, at certain rents therein stipulated payable •quarterly. Taylor paid Maulé for certain buildings and fixtures, two hundred and twenty-five dollars, which Maulé was to repay him at the expiration of the lease. It was agreed between the parties, “that should the said Taylor remain in possession at the close of the lease, (namely, five ‘years,) whatever improvements said Taylor, his heirs or assigns may erect or place on said premises, the same are to be left thereon, the said Maulé, his heirs or assigns to pay said Taylor, his heirs or assigns for the same at a fair valuation thereof, not exceeding one thousand dollars, including also the sum of two hundred and twenty-five dollars first within mentioned.” By a writing under seal, dated the 2d March, 1863, and executed by the said parties, they appointed two persons, “to appraise and place a fair value, on all the fixtures -and improvements made or erected on said premises, by said W. M. Taylor,” excluding certain buildings and part of the railroad track, and they then say, “we do hereby agree for ourselves, and •each of us to abide by the value placed thereon” by the said per-sons. “It being understood that the said Daniel Maulé is not *544 bound for a.greater amount than one thousand dollars as. s«t forth in lease.”
On the same day, in the presence of the parties, the said appraisers valued the said fixtures and improvements, and by a sealed paper dated the same 2d day of March, found them to be lyorth nine hundred and fifty dollars, which Mr. Maulé refused to pay, and Taylor remained on the premises until he was put out. by a decision of a Sheriff’s jury, possessiou being delivered to Mr. Maulé on 23d July, 1863. The fixtures were sold to the next tenant by Mr. Maulé on the 7th August, 1863 for nine hundred dollars.
The present suit was then commenced to recover the value of these fixtures, the payment of which was secured by an independent covenant in the lease. To this the fact that following the breach of this covenant by Maulé, Taylor did not surrender the premises to him is no answer, and the learned judge, in the Court below, was in error in instructing the jury that the plaintiff could not recover. It would be contrary to reason and justice, that the defendant could, under such a pretence, retain the money of the plaintiff, which he had solely bound himself to pay.
Judgment reversed and a venire de novo awarded